# United States Court of Appeals

## For the Eighth Circuit

_____

No. 24-1106

_____

Marvin Ixtabalan Ramirez

*Petitioner*

v.

Pamela Bondi, Attorney General of the United States[1]

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: January 13, 2025
Filed: February 12, 2025
[Unpublished]

_____

Before SMITH, BENTON, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

[1]Pamela Bondi has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

Marvin Ixtabalan Ramirez petitions for review of the dismissal of his motion to reconsider by the Board of Immigration Appeals (BIA). Having jurisdiction under 8 U.S.C. § 1252(a), this court denies the petition.

Ixtabalan, a native and citizen of Guatemala, entered the United States in 2005 without being admitted or paroled. He and his wife (also a Guatemalan citizen who entered the United States unlawfully) had three children born in Nebraska between 2006 and 2020.

In 2012, Ixtabalan was arrested for drunk driving. The Department of Homeland Security initiated removal proceedings based on inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i). Ixtabalan, through counsel, conceded that he was inadmissible. He applied for asylum and withholding of removal under both 8 U.S.C. § 1231(b)(3) and the Convention Against Torture, based on his professed fear of gang recruitment in Guatemala. Hearing Ixtabalan's testimony and considering the evidence, the Immigration Judge denied the application. The IJ granted his alternative request for voluntary departure. He timely appealed to the BIA. It adopted and affirmed the IJ's decision. Ixtabalan did not petition this court for review.

In April 2023, he filed a motion to reopen with the BIA, arguing that he was eligible for cancellation of removal based on *Niz-Chavez v. Garland*, 593 U.S. 155 (2021). He argued "his children will suffer exceptional and extremely unusual hardship if he is removed from the United States." Supporting his argument, he offered his children's birth certificates and his federal tax returns from 2012 to 2022. He also applied for cancellation of removal, indicating that his children would remain in the United States if he were removed. The BIA denied the motion, explaining he had failed to provide evidence to show a prima facie eligibility for cancellation relief.

In October 2023, Ixtabalan filed a motion to reconsider with the BIA, asserting that he had made a prima facie case for cancellation of removal. On the issue of

hardship to his children, he argued that "it is reasonable for any adjudicator (IJ or appellate) to infer that any and all children in the world need the care and support of their father and likely suffer hardships without their father."

In January 2024, the BIA denied the motion to reconsider. It explained that it was Ixtabalan's burden to prove that reconsideration was warranted and that his "contention that we erred in not inferring hardship warranting reopening is unavailing."

The only BIA decision properly under review is the January 2024 order denying the motion to reconsider. *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."). This court reviews the denial of a motion to reconsider for abuse of discretion. *Arroyo-Sosa v. Garland*, 74 F.4th 533, 541 (8th Cir. 2023). An abuse of discretion occurs only when the BIA "gives no rational explanation for its decision, departs from its established policies without explanation, relies on impermissible factors or legal error, or ignores or distorts the record evidence." *Islas-Saldana v. Garland*, 59 F.4th 927, 930 (8th Cir. 2023). Motions to reconsider are "disfavored because they undermine the government's legitimate interest in finality, which is heightened in removal proceedings where, as a general matter, every delay works to the advantage of the deportable [noncitizen] who wishes merely to remain in the United States." *Id*.

Here, the BIA did not abuse its discretion in determining that it committed neither a factual nor legal error in denying Ixtabalan's motion to reopen his cancellation of removal proceedings. The BIA clearly explained that Ixtabalan neglected to proffer any evidence "regarding his children's specific circumstances" and that it could not simply "infer from the record that the children will suffer hardship if they no longer reside with" him. *See In Re L-O-G-*, 21 I. & N. Dec. 413, 420 (BIA 1996) ("the Board will look to whether there is sufficient evidence proffered to indicate a reasonable likelihood of success on the merits"). Contrary to Ixtabalan's assertions, he offered no evidence that he "is the sole financial provider

-3-

for his children" or that his "children are 100% dependent on his income." The only evidence he offered about his children other than their birth certificates was that he listed them on several years of tax returns. And all the tax returns showed was that he paid his federal taxes from 2012 to 2022, that some years he filed with his spouse, and that he claimed his children as dependents. Without evidence about the children's circumstances, the BIA could not assess whether they would suffer exceptional and extremely unusual hardship upon his removal, and, therefore, whether he had a reasonable likelihood of succeeding on his application for cancellation of removal. The BIA did not abuse its discretion.

\* \* \* \* \* \* \*

The petition for review is denied.

_____